**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LESLY ESMERALDA MOREJON GONZALEZ,

               Petitioner,

       v.

ACTING WARDEN OF THE ADELANTO DETENTION CENTER, et al.,

               Respondents.

NO. EDCV 26-1348-AS

**MEMORANDUM DECISION AND ORDER**

On March 22, 2026, Lesly Esmeralda Morejon Gonzalez ("Petitioner"), an immigration detainee proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") against: the Acting Warden of the Adelanto Detention Center; Ernesto Santacruz, Los Angeles Field Office Director for the United States Immigration and Customs Enforcement ("ICE"); Pam Bondi, former United States Attorney General; Kristi Noem, former Secretary of the United States Department of Homeland Security ("DHS"); Todd M. Lyons, Acting ICE Director; and Does 1-5 (collectively "Respondents"). (Docket ("Dkt.") No. 1). The Petition raises six grounds for habeas corpus relief: (1) Petitioner's continued detention violates the Fifth

Amendment; (2) Petitioner was denied due process of law when she was detained without notice or a hearing; (3) Petitioner's Fourth Amendment rights were violated when she was stopped and questioned without reasonable suspicion that she was a noncitizen; (4) Petitioner is being detained in violation of 8 U.S.C. § 1226(a); (5) Petitioner's arrest violated 8 U.S.C. § 1357(a)(2); and (6) Petitioner's arrest violated 8 U.S.C. § 287.8(c).  (Petition at 14-21).  The Petition also included Petitioner's declaration ("Gonzalez Decl.").  (Petition at 25-27 (as paginated on the Court's electronic docket)).

On March 30, 2026, Respondents filed a Response to the Petition ("Response"), which asserted that "Petitioner appears to be a member of the Bond Eligible Class certified in" Bautista v. Santacruz, 2025 WL 3288403 (C.D. Cal. 2025), amended and superseded on reconsideration, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), and also "acknowledge[d] that Petitioner's claim in this action appears subject to the *Bautista* judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it."  (Dkt. No. 8).

On April 1, 2026, Petitioner filed a Reply agreeing she is a member of Bond Eligible Class certified in Bautista, and asserting, among other things, that Respondents have not yet provided her with a bond hearing.  (Dkt. No. 9).

The parties have consented to proceed before the undersigned Magistrate Judge in this matter.  (See Dkt. Nos. 12-14).

\\

\\

In Bautista, the district court granted the petitioners' "Motion for Class Certification as to the Bond Eligible Class" of petitioners, and defined the "Bond Eligible Class" as:

All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the [DHS] makes an initial custody determination.

Bautista v. Santacruz, 813 F. Supp. 3d 1084, 1127 (C.D. Cal. 2025).[1] "Ultimately, the final judgment entered in [Bautista] declared that class members 'are not subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)' and instead are 'entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge' pursuant to 8 U.S.C. § 1226(a)." Uriate v. Mullin, 2026 WL 925724, *2 (C.D. Cal. 2026) (citing Bautista v. Noem, 2025 WL 3678485, *1 (C.D. Cal.2025)).

"As Respondents concede that Petitioner is a class member entitled to a bond hearing under the reasoning of [Bautista], the Court GRANTS

---

[1] It is undisputed that Petitioner is a 23-year-old El Salvadorean citizen who entered the United States without inspection when she was 9 years old and has no qualifying criminal or prior immigration record. (Petition, ¶¶ 19-21; Gonzalez Decl., ¶¶ 1-4). Petitioner is married to a naturalized United States citizen and she and her husband have three children, ages 6, 4 and 1, who are United States citizens. (Petition, ¶ 19; Gonzalez Decl., ¶¶ 7-8). Petitioner takes care of her husband, who is autistic, and their young children. (Gonzalez Decl., ¶ 17).

the petition for the reasons stated in the orders in that case."[2] Nikhil v. Noem, 2026 WL 922274, *1 (C.D. Cal. 2026); Aguilar v. Janecka, 2026 WL 579157, *1 (C.D. Cal. 2026); see also Hernandez v. Semaia, 2026 WL 928628, *3 (C.D. Cal. 2026) ("In light of Respondent's acknowledgment that Petitioner appears to be a member of the *Bautista* class and appears to be subject to the *Bautista* judgment, . . . Respondents are enjoined from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order."); Rathi v. Warden of Desert View Annex Det. Facility, 2026 WL 795298, *1 (C.D. Cal. 2026) ("Respondents do not contest Petitioner's membership in the Bond Eligible Class in *Bautista v. Santacruz*. Consistent with the Final Judgment in *Bautista*, Petitioner is entitled to an individualized bond hearing." (citation omitted)); Devi v. Semaia, 2026 WL 712043, *1 (C.D. Cal. 2026) ("Because there is no dispute that Devi is part of the *Bautista* class, has not received a bond hearing, and is entitled to one, . . . [t]he appropriate remedy is a bond hearing with further recourse in this Court if Respondents fail to provide a hearing that complies with due process.").

\\

\\

\\

\\

---

[2] Even absent Respondents' concession, "[b]ecause Petitioner's . . . Petition alleges facts that place her squarely within the definition of the Bond Eligible Class, the Court is compelled to find that she is entitled to the relief . . . guaranteed by *Bautista*'s final judgment." Inzuna v. Warden of Adelanto Det. Facility, __ F. Supp. 3d __, 2026 WL 233211, *3 (C.D. Cal. 2026).

Accordingly, it is hereby ORDERED that:

The Petition (DKt. No. 1) is granted as to Petitioner's *Bautista* claim.  (See Petition at 12-14, 18-19).

Respondents are enjoined from continuing to detain Petitioner unless Petitioner is provided with an individualized bond hearing before an immigration judge within seven (7) days of the date of this Order.  See, e.g., Quinonez Herrera v. Mullin, 2026 WL 915184, *2 (C.D. Cal. 2026) ("[C]onsistent with what courts in this district have generally ordered in similar cases, the Court orders Respondents to provide Petitioner with [an individualized bond] hearing within seven (7) days.").  Respondents must provide Petitioner with a meaningful opportunity to be heard before a neutral arbiter, and the opportunity to be represented by counsel and to present evidence.  At the bond hearing, "the Government shall bear the burden of proving by clear and convincing evidence that [Petitioner's] continued detention is justified."  Perez v. McAleenan, 435 F. Supp. 3d 1055, 1062 (N.D. Cal. 2020), appeal dismissed by, 2020 WL 8970669 (9th Cir. 2020); Nikhil, 2026 WL 922274 at *2; see also Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024) ("At the outset of its decision, the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that Martinez is a danger to the community."); Gutierrez v. Semaia, 2026 WL 916773, *5 n.3 (C.D. Cal. 2026) ("[C]onsistent with Ninth Circuit precedent, the government will bear the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public." (citing, *inter alia*, Martinez and Rodriguez Diaz v. Garland, 53 F.4th 1189, 1200 (9th

Cir. 2022)); Martinez v. Rios, 2026 WL 576010, *1 n.1 (C.D. Cal. 2026) ("Consistent with Ninth Circuit precedent, the Government bears the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public.").

The Court further ORDERS the parties to submit a Joint Status Report as to whether Petitioner has received a bond hearing, the outcome of the bond hearing, and Respondents' compliance with this Order within eight (8) days of the date of this Order.  If Petitioner has been given a bond hearing, the Joint Status Report must state the parties' position as to whether this action is moot.

Respondents are enjoined from relocating Petitioner outside of the Central District of California pending final resolution of this matter.

IT IS SO ORDERED.

DATED: April 13, 2026

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE