**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LESLY ESMERALDA MOREJON GONZALEZ, | ) NO. EDCV 26-1348-AS |
| | ) |
| Petitioner, | ) |
| | ) **MEMORANDUM DECISION AND ORDER** |
| v. | ) |
| | ) |
| ACTING WARDEN OF THE ADELANTO DETENTION CENTER, et al., | ) |
| | ) |
| Respondents. | ) |
| | ) |

On March 22, 2026, Lesly Esmeralda Morejon Gonzalez ("Petitioner"), an immigration detainee proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") against: the Acting Warden of the Adelanto Detention Center; Ernesto Santacruz, Los Angeles Field Office Director for the United States Immigration and Customs Enforcement ("ICE"); Pam Bondi, former United States Attorney General; Kristi Noem, former Secretary of the United States Department of Homeland Security ("DHS"); Todd M. Lyons, Acting ICE Director; and Does 1-5 (collectively "Respondents"). (Docket ("Dkt.") No. 1). The Petition raises six grounds for habeas corpus relief: (1) Petitioner's continued detention violates the Fifth

Amendment; (2) Petitioner was denied due process of law when she was detained without notice or a hearing; (3) Petitioner's Fourth Amendment rights were violated when she was stopped and questioned without reasonable suspicion that she was a noncitizen; (4) Petitioner is being detained in violation of 8 U.S.C. § 1226(a); (5) Petitioner's arrest violated 8 U.S.C. § 1357(a)(2); and (6) Petitioner's arrest violated 8 U.S.C. § 287.8(c).   (Petition at 14-21).

On March 30, 2026, Respondents filed a Response to the Petition ("Response"), which asserted that "Petitioner appears to be a member of the Bond Eligible Class certified in" Bautista v. Santacruz, 2025 WL 3288403 (C.D. Cal. 2025), amended and superseded on reconsideration, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), and also "acknowledge[d] that Petitioner's claim in this action appears subject to the *Bautista* judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it."   (Dkt. No. 8).

On April 1, 2026, Petitioner filed a Reply agreeing she is a member of the Bond Eligible Class certified in Bautista, and asserting, among other things, that Respondents have not yet provided her with a bond hearing.   (Dkt. No. 9).   Thereafter, the parties consented to proceed before the undersigned Magistrate Judge in this matter.   (See Dkt. Nos. 12-14).

On April 13, 2026, the Court issued an order granting the Petition as to Petitioner's Bautista claim and enjoining Respondents "from continuing to detain Petitioner unless Petitioner is provided with an individualized bond hearing before an immigration judge within seven

(7) days of the date of this Order." (Dkt. No. 15). The Court's Order also required "the parties to submit a Joint Status Report as to whether Petitioner has received a bond hearing, the outcome of the bond hearing, and Respondents' compliance with this Order within eight (8) days of the date of this Order." (Id.).

On April 22, 2026, Petitioner filed a "Post-Decision and Order Status Report" stating that on April 21, 2026, Respondents' counsel advised Petitioner's counsel that Petitioner received a bond hearing on April 20, 2026, and bond was denied." (Dkt. No. 16).

On April 23, 2026, the Court ordered Respondents, by no later than April 27, 2026, to: (a) provide Petitioner's counsel with the Immigration Judge's order denying bond and the digital audio recording and/or transcript of the bond hearing; or (b) file a declaration stating why they could not do so and provide the Court and Petitioner's counsel with any other available information about this matter. (Dkt. No. 17).

On April 28, 2026, Petitioner filed a Status Report stating Respondents had not provided Petitioner's counsel with the bond hearing material or a declaration of unavailability. (Dkt. No. 18). Later that day, Respondents filed an Answer stating "Counsel for the Federal Respondents provided a copy of the Immigration Judge's decision to Petitioner's counsel on April 28, 2026, but did not produce a digital recording or transcript of the hearing." (Dkt. No. 20). The Answer also stated that Respondents "are not presenting an opposition argument at this time to the Petition. Should the Court enter relief, judgment

may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (Id.).

In light of Respondents' non-opposition, it is hereby ORDERED that the Petition (Dkt. No. 1) is **GRANTED**. Respondents shall immediately release Petitioner from immigration custody without the imposition of any restraints on her liberty, such as reporting requirements, GPS, or electronic monitoring. The Court further ORDERS that Respondents shall file a declaration by no later than 5:00 p.m. on April 30, 2026, confirming Petitioner has been released from custody.

IT IS SO ORDERED.

DATED: April 29, 2026

                                    /s/
                              ALKA SAGAR
                    UNITED STATES MAGISTRATE JUDGE